UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| SHAUN L. STEELE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 3:10-cv-426 |
| vs. | ) | |
| | ) | |
| CITY OF ELKHART, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

After having been charged with a misdemeanor in the Elkhart City Court, Shaun L. Steele demanded a jury trial. As a result, his case was transferred to the Elkhart Superior Court. There, the court inaccurately determined that his jury demand was untimely and conducted a bench trial. The Court of Appeals of Indiana reversed and remanded so that he could have a jury trial. Ultimately, the misdemeanor charge was dismissed, but unfortunately by that time, Steele had already served the maximum sentence for the offense. Now Steele is trying to sue somebody so that he can recover money because he spent 195 days in jail while he was denied a jury trial.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. "In order to state a claim

under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Steele originally filed a complaint naming six defendants,[1] but has since filed an amended complaint[2] naming only four defendants: the City of Elkhart, the County of Elkhart, Elkhart Mayor Dick Moore, and John Doe. The problem with the named defendants is that none of them have any authority or control over the judges or prosecutors who were involved with denying him a jury trial. In Indiana, the prosecuting attorney is an independently elected constitutional officer. Ind. Const. Art. 7, § 16. So too, the judicial functions of a judge are not subject to the control of city or county governments. *Cf.* Ind. Code of Judicial Conduct 1 (requiring judges to uphold the independence of the judiciary). Therefore the City of Elkhart, the County of Elkhart, and Elkhart Mayor Dick Moore must be dismissed.

As for the John Doe defendant, Steele says that this unknown person is a "policy maker for the City of Elkhart in concern of the Elkhart City Court Local Rules, Elkhart County Court Local Rules and the training of Judges and Prosecutors." [DE 10-1 at 2.] Based on this description, Steele is hypothesizing the existence of some city/county employee who controls the local rules and has some training responsibility for local judges and prosecutors. First, local

---

[1] It appears likely that he dropped his claims against the prosecuting attorney and the deputy prosecuting attorney because they have prosecutorial immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."). So too he probably dropped the State of Indiana because it is shielded from monetary damage claims by the Eleventh Amendment. *See Kashani v. Purdue University*, 813 F.2d 843, 848 (7th Cir. 1987).

[2] Steele filed a motion to amend his complaint, but pursuant to Fed. R. Civ. P. 15(a)(1) he was permitted to amend "as a matter of course" and did not need leave to court to do so. Therefore the motion to amend will be denied as moot and the clerk will be directed to file the amended complaint. It is the amended complaint that I screen in this order.

rules in Indiana trial courts are promulgated by the trial judges, not a city/county employee. Indiana Code 33-33-20-5 and 33-35-2-1(a)(1). Second, state judges and prosecutors are regulated by the Indiana Supreme Court, not a city/county employee. Ind. Const. Art. 7, § 4. So, even though I could permit Steele to conduct discovery to identify this defendant (*see Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996), doing so in this case would be pointless.

It is unfortunate that the state trial judge made a mistake about Steele's right to a jury trial, but there is no basis for finding that any of these defendants are financially liable to him because of that error. Therefore they will be dismissed with prejudice. Though it is unclear who might be liable to him as a result of these events, because I cannot say that it would be impossible to state a claim against anyone based on these facts, I will dismiss John Doe without prejudice so that Steele will be able to file another case in the future if he can identify some other defendant whom he believes is liable.

For the foregoing reasons, the motion to amend [DE 10] is **DENIED AS MOOT**. The clerk is **DIRECTED** to docket the amended complaint [DE 10-1]. This case is **DISMISSED** pursuant to 28 U.S.C. § 1915A. The City of Elkhart, the County of Elkhart, and Elkhart Mayor Dick Moore are **DISMISSED WITH PREJUDICE.** John Doe is **DISMISSED WITHOUT PREJUDICE**.

    **SO ORDERED**.

    ENTERED: March 4, 2011

                                                     s/ Philip P. Simon
                                                     PHILIP P. SIMON, CHIEF JUDGE
                                                     UNITED STATES DISTRICT COURT